UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JEFFREY DALE THURMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: 1:22-CV-128-DCLC-CHS |
| v. | ) | |
| | ) | |
| SHERIFF STEVE LAWSON, | ) | |
| LT. HARGIS, | ) | |
| COR. CALLAHAN, | ) | |
| COR. MINGIE, | ) | |
| SGT. BROGAN, | ) | |
| OFFICER DICKENS, and | ) | |
| TRINITY FOOD SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Jeffrey Dale Thurman filed this civil rights action under 42 U.S.C. § 1983 while a prisoner housed at the Bradley County Justice Center [Doc. 2]. He also filed a motion seeking to proceed *in forma pauperis* [Doc. 1]. Plaintiff's Complaint and accompanying motion were received by the Court on May 20, 2022, and on that date, the Clerk issued a Notice advising Plaintiff that he must notify the Court within fourteen days of any change of address, and that failure to do so could result in the dismissal of the case [Doc. 3]. The Notice was inadvertently mailed to the permanent address listed in Plaintiff's Complaint rather than Plaintiff's address of record [*Id*.].

Upon review of Plaintiff's submissions, the Court found his motion to proceed *in forma pauperis* was not properly supported and entered an Order providing Plaintiff thirty days within which to submit a certified copy of his inmate trust account for the previous six-month period [Doc. 4]. The Order was mailed to Plaintiff at the Bradley County Justice Center [*Id*.]. The Court's Order was returned June 3, 2022, as undeliverable with a notation that Plaintiff was "not in

custody" [Doc. 5 p. 5]. To ensure that Plaintiff was aware of his obligation to update his address with the Court, the Court's Notice and Order were remailed to Plaintiff's permanent address on June 10, 2022. More than fourteen days have passed since the Bradley County Justice Center returned the Court's Order as undeliverable, and more than fourteen days have passed since the Court's Notice and Order were resent to Plaintiff's permanent address of record; however, Plaintiff has not provided the Court with a change of address or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

First, Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault. While Plaintiff did not receive the Court's Order requiring him to pay the filing fee or submit the necessary documents due to his release from custody, the Notice requiring him to timely update his address was mailed to the listed permanent address of record. There is no indication that Plaintiff did not receive that Notice, and yet, Plaintiff has not responded to the

2

Court's Order requiring him to update his address.  Second, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants, as they have not yet been served.  Third, the Court's Order expressly warned Plaintiff that failure to comply with the Order would result in the dismissal of this action [Doc. 4 p. 1].  Finally, the Court concludes that alternative sanctions are not warranted, as Plaintiff has failed to comply with the Court's clear instructions.  On balance, these factors support dismissal of this action under Rule 41(b).

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991).  Plaintiff's pro se status did not prevent him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Plaintiff is **ASSESSED** the filing fee of $402.00 and this action is **DISMISSED**.  *See McGore*, 114 F.3d at 604-05 (finding plaintiffs responsible for filing fees the moment the action is filed).  Plaintiff's failure to submit the required documentation prevents the Court from judging the merits of Plaintiff's application to proceed *in forma pauperis*, and the motion [Doc. 1] is **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

SO ORDERED:

s/Clifton L. Corker  
United States District Judge